UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VENTANA DBS LLC,

Plaintiff,

-against-

THE HAYNER HOYT CORPORATION and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

Defendants.

------------------------------------------------------------------x

Case No.:   3:18-CV-0436 (GLS/DEP)

**COMPLAINT**

Plaintiff VENTANA DBS LLC ("VENTANA"), by its attorneys, LONDON FISCHER LLP, as and for its Complaint, alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.      VENTANA is a designer, supplier and installer of high performance curtain wall façade systems.  VENTANA was retained by and entered into a subcontract with Defendant THE HAYNER HOYT CORPORATION ("HAYNER HOYT") in connection with the construction of Cornell University's Johnson School of Management in Ithaca, New York (the "Subcontract"). VENTANA brings this action to recover $1,295,422.15 as and for unpaid work and retainage as well as additional costs that it incurred in connection with its work under the Subcontract, together with interest, cost and disbursements.

## THE PARTIES

2.      At all relevant times herein, Plaintiff VENTANA was and still is a foreign limited liability company organized and existing under the laws of the State of Illinois with a principal place of business in Chicago, Illinois.

{N1284064.1 }

3.      At all relevant times, Defendant HAYNER HOYT was and still is a New York domestic business corporation with a principal place of business in Syracuse, New York.

4.      At all relevant times, Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("TRAVELERS") was and still is a Connecticut insurance corporation with a principal place of business in Hartford, Connecticut that issues insurance policies and surety bonds in New York.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      Venue is proper in this Court pursuant to 28 USC §1391(a)(2), as the scope of the Subcontract concerned, and the substantial performance of the Subcontract took place, at the site of Cornell University's Johnson School of Management in Ithaca, New York, which is within the Northern District of New York.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

7.      Upon information and belief, at all relevant times, 209-215 Dryden Associates LLC ("Dryden") was the owner of a building being constructed for use by Cornell University's Johnson School of Management located at 209-15 Dryden Road, Ithaca, New York (the "Johnson School of Management" or the "Project").

8.      Dryden retained HAYNER HOYT as the general contractor for the project.

9.      HAYNER HOYT entered into a subcontract with VENTANA for VENTANA to furnish and install the curtain wall system for the Johnson School of Management.

10. As consideration, HAYNER HOYT agreed to pay VENTANA $4,140,404. A true and accurate copy of the Subcontract is annexed hereto as Exhibit "A."

11. From on or about July of 2016 through August of 2017, VENTANA performed the work set forth in the Subcontract and provided labor, services and materials for the Project.

12. HAYNER HOYT has failed and refused to pay VENTANA the full amount due and owing under the contract despite due demand having been made.

13. Almost immediately after signing the contract, HAYNER HOYT and the project architect began advising VENTANA of project delays and changes in the work that were not anticipated in the contract documents.

14. In addition to the work, labor, services, and materials performed and provided VENTANA incurred additional costs due to delay and lack of access to the premises.

15. The delay and lack of access were caused by HAYNER HOYT.

16. VENTANA also performed additional work and provided additional materials when required, due to necessary design changes, differing field conditions and delays caused by HAYNER HOYT.

17. VENTANA incurred additional labor charges and material costs for this additional work and materials.

18. VENTANA submitted proposed Change Orders to HAYNER HOYT for this additional work.

19. All of the Change Orders submitted to HAYNER HOYT by VENTANA were rejected.

20.    VENTANA submitted Change Order No. 2 to HAYNER HOYT when HAYNER HOYT required VENTANA to engineer a new anchor detail in order to comply with the design details.

21.    Change Order No. 2 in the amount of $2,995.99 was rejected and not paid by HAYNER HOYT.

22.    In accordance with the Subcontract provisions as to change orders, VENTANA performed the work required in spite of HAYNER HOYT's rejection of Change Order No. 2.

23.    VENTANA submitted Change Order No. 3 to HAYNER HOYT when HAYNER HOYT required VENTANA to engineer a clip after it was determined that the horizontal reinforcing shown in the design detail could not support the load of the unit. VENTANA solved this problem and engineered a clip to be fastened to the face of the column.

24.    Change Order No. 3 in the amount of $3,285.56 was rejected and not paid by HAYNER HOYT.

25.    In accordance with the Subcontract provisions as to change orders, VENTANA performed the work required in spite of HAYNER HOYT's rejection of Change Order No. 3.

26.    VENTANA submitted Change Order No. 4 to HAYNER HOYT when HAYNER HOYT required VENTANA to install 165 additional anchors needed for the curtain wall system.

27.    HAYNER HOYT acknowledged that it was aware of this problem, but Change Order No. 4 in the amount of $72,685.19 was rejected and not paid by HAYNER HOYT.

28.     In accordance with the Subcontract provisions as to change orders, VENTANA performed the work required in spite of HAYNER HOYT's rejection of Change Order No.4.

29.     VENTANA submitted Change Order No. 5 to HAYNER HOYT after VENTANA was forced to reconfigure the west elevation of the building because the field conditions did not match what was shown in the architectural contract drawings.

30.     Although HAYNER HOYT acknowledged this reconfiguration was necessary, but Change Order No. 5 in the amount of $48,684.38 was rejected and not paid by HAYNER HOYT.

31.     In accordance with the Subcontract provisions as to change orders, VENTANA performed the work required in spite of HAYNER HOYT's rejection of Change Order No. 5.

32.     VENTANA submitted Change Order No. 6 to HAYNER HOYT for additional work required after HAYNER HOYT belatedly decided to add a buck hoist to the project that was not shown in the contract documents.

33.     Change Order No. 6 in the amount of $25,256.00 was rejected and not paid by HAYNER HOYT.

34.     In accordance with the Subcontract provisions as to change orders, VENTANA performed the work required in spite of HAYNER HOYT's rejection of Change Order No. 6.

35.     VENTANA submitted Change Order No. 7 to HAYNER HOYT for additional work that was required when the as-built slab edge did not match what was shown on the drawings. New material was ordered because the originally ordered material could not be used.

36.     In accordance with the Subcontract provisions as to change orders, VENTANA performed the work required in spite of HAYNER HOYT's rejection of Change Order No. 7.

37.     Although this change was necessary, Change Order No. 7, in the amount of $6,795.00 was rejected and not paid by HAYNER HOYT.

38.     VENTANA submitted Change Order No. 8 to HAYNER HOYT representing VENTANA's additional costs as a result of HAYNER HOYT's delays.

39.     Change Order No. 8 in the amount of $229,719.45 was rejected and not paid by HAYNER HOYT.

40.     In accordance with the Dispute Resolution Procedures in the Subcontract, the parties conducted a non-binding mediation on March 15, 2018 in Syracuse, New York, as required by the dispute resolution section of the contract.  No agreement was reached at the mediation.

41.     VENTANA has met all necessary conditions precedent to the commencement of this action set forth in the Subcontract.

42.     All of the labor and materials furnished by VENTANA to HAYNER HOYT was for the construction and improvements of the Johnson School of Management and the work and materials were furnished with the knowledge and consent of the owner, Dryden.

43.     Pursuant to the Lien Law of the State of New York, on February 15, 2018 and within eight (8) months after the time of the last item of curtain wall was supplied, VENTANA duly filed with the Tompkins County Clerk a Notice of Mechanic's Lien in writing and in proper form duly verified by the oath of Kurt Jaeger, Senior Vice President of VENTANA which claims a lien on the premises within described in the amount of $922,245.40.

44.     The Notice of Lien set forth Dryden's state of incorporation, principal office in New York, the owner of the real property against whose interest therein a lien was claimed and the interest of the owner as far as known to VENTANA was in fee simple; the name of the person to whom the lienor was employed and to whom VENTANA as lienor furnished work and materials; the materials furnished, and the agreed price and value thereof; the unpaid balance; time when the first and last materials were furnished; the property subject to the lien with a description thereof to permit identification; that said Notice of Lien contained all the statements required by and in all respects duly complied with the statutes of the State of New York.

45.     VENTANA served a copy of the lien upon the owner and HAYNER HOYT with whom the construction contract was made.  An affidavit with proof of service as the certified mailing of copies of the lien was filed with Tompkins County clerk simultaneously with the filing of the notice of lien.

46.     On or about February 23, 2018, TRAVELERS duly made, executed and delivered an undertaking in writing in due form to the clerk of Tompkins County in the sum of $1,014,469.94, for the payment of any judgment that may be rendered in any action to enforce the lien and, upon information and belief, the undertaking was filed with the county clerk and the county clerk discharged the notice of lien and directed its cancellation.

47.     TRAVELERS is a surety on the undertaking to discharge the lien and for that reason is made party hereto and a judgment is sought against TRAVELERS.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST HAYNER HOYT
## FOR BREACH OF CONTRACT

48.     VENTANA repeats, reiterates and realleges allegations "1" through "47" with the same force and effect as if set forth at length herein.

49.     VENTANA performed the Subcontract and furnished and installed a curtain wall system.

50.     VENTANA is in compliance with the Subcontract and has performed all of the its obligations under the subcontract.

51.     The project is complete and the Cornell University Johnson School of Management is occupying the building.

52.     Pursuant to the Subcontract HAYNER HOYT agreed to pay VENTANA $4,140,404 for the curtain wall system.

53.     HAYNER HOYT has failed and refused to pay VENTANA the remaining balance on the Subcontract in the amount of $922,245.40.

54.     Pursuant to the Subcontract, VENTANA is entitled to interest on the remaining subcontract amounts from the date each payment was due at the New York Statutory rate of 9% per annum.

55.     HAYNER HOYT breached the Subcontract by failing to pay VENTANA the amount agreed to in the Subcontract.

56.     HAYNER HOYT breached the Subcontract by failing to approve a single VENTANA request for a change order for the project, despite design changes, differing field conditions and scheduling delays caused by HAYNER HOYT.

57.     VENTANA submitted change orders to HAYNER HOYT in the amount of $373,176.75 which HAYNER HOYT should have approved.

58.     VENTANA has been damaged in the amount of at least $1,295,422.15.

59.     As a result of HAYNER HOYT's breaches of the Subcontract, VENTANA is entitled to recover damages in the amount of at least $1,295,422.15, together with interest, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST HAYNER HOYT FOR UNJUST ENRICHMENT

60.     VENTANA repeats, reiterates and realleges allegations "1" through "59" with the same force and effect as if fully set forth herein.

61.     HAYNER HOYT failed to properly schedule the work.

62.     HAYNER HOYT failed to properly manage the work and coordinate with other trades.

63.     HAYNER HOYT made material changes to the project after the contracts were signed that resulted in changes to VENTANA's work.

64.     HAYNER HOYT benefited from VENTANA's work.

65.     VENTANA's work force was required to work longer days and substantial overtime, which resulted in significant inefficiencies and labor and added costs to VENTANA.

66.     VENTANA also:

- Engineered a new anchor detail, resulting in Change Order Request No. 2;

- Engineered and installed a new clip, resulting in Change Order Request No. 3;

- Purchased and installed 165 additional anchors, resulting in Change Order Request No. 4;

- Reconfigured the west elevation, resulting in Change Request No. 5;

- Performed its work out of sequence because of the buck hoist added by HAYNER HOYT, resulting in Change Order Request No. 6;

- Performed additional work on the slab edge cover when the as-built did not match the drawings, resulting in Change Order Request No. 7; and

- Incurred substantial additional costs and expenses due to HAYNER HOYT's delays, resulting in Change Order Request No. 8.

67.     VENTANA has not been paid for any additional costs that it incurred.

68.     HAYNER HOYT has been unjustly enriched in the sum of at least $1,295,422.15, which constitutes the undisputed unpaid work and retainage and the additional costs incurred by VENTANA that HAYNER HOYT received the benefit from to which it is not entitled.

69.     VENTANA has no adequate remedy at law.

70.     By reason of the foregoing, equity and fairness dictate that VENTANA recover in the sum of at least $1,295,422.15, together with interest, costs and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST HAYNER HOYT FOR *QUANTUM MERUIT*

71.     VENTANA repeats, reiterates and realleges allegations "1" through "70" with the same force and effect as if fully set forth herein.

72.     HAYNER HOYT failed to properly schedule the work.

73.     HAYNER HOYT failed to properly manage the work and coordinate with other trades.

74.     HAYNER HOYT made material changes to the project after the contracts were signed that resulted in changes to VENTANA's work.

75.   VENTANA was required to perform additional work and incurred substantial additional costs as a result.

76.   VENTANA performed the additional work and incurred additional costs, in good faith.

77.   HAYNER HOYT accepted and benefited from VENTANA's additional work.

78.   VENTANA reasonably and justifiably expected to be compensated for all of the costs that it incurred as a result of this additional work.

79.   VENTANA is entitled to be paid by HAYNER HOYT for the fair and reasonable value of the additional work, labor, services and materials provided and performed by VENTANA and all of the costs that VENTANA incurred as a result thereof.

80.   HAYNER HOYT has failed, neglected and refused to pay for the fair and reasonable value of VENTANA's services.

81.   The reasonable value of the undisputed, unpaid work and retainage on the Subcontract, and the additional costs incurred by VENTANA for which it has not yet been paid is at least $1,295,422.15.

82.   By reason of the foregoing, VENTANA is entitled to recover damages in the sum of at least $1,295,422.15, together with interest, costs and disbursements.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST HAYNER HOYT FOR**
**BREACH OF THE IMPLIED COVENANT**
**OF GOOD FAITH AND FAIR DEALING**

83.   VENTANA repeats, reiterates and realleges allegations "1" through "82" with the same force and effect as if fully set forth herein.

84.     As a matter of New York law, there is an implied covenant of good faith and fair dealing implicit in the Subcontract.

85.     For the reasons stated above, HAYNER HOYT intentionally and willfully breached the covenant of good faith and fair dealing by making multiple changes to the scope of the project without, in good faith, agreeing to pay for the additional work and materials required as a result of these changes; by acknowledging differing field conditions, but not agreeing to pay for the additional labor and materials required because of the differing field conditions; by failing to properly coordinate and schedule the work; by blaming VENTANA for any and all delays on the project regardless of who was actually responsible.

86.     As a direct and proximate result of HAYNER HOYT's breach of the covenant of good faith and fair dealing, VENTANA has suffered damages in the amount of at least $1,295,422.15.

87.     By reason of the foregoing, VENTANA is entitled to recover damages in the sum of at least $1,295,422.15, together with interest, costs and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST TRAVELERS FOR PAYMENT UNDER THE SURETY BOND

88.     VENTANA repeats, reiterates and realleges allegations "1" through "87" with the same force and effect as if fully set forth herein.

89.     The contract between VENTANA and HAYNER HOYT provided that HAYNER HOYT would pay VENTANA the amount of $4,140,404 to perform the work, labor and services and provide the materials set forth in the contract.

90.     From on or about July of 2016 through August of 2017, VENTANA performed all of the work, labor and services and furnished all of the materials and equipment required pursuant to the Subcontract.

91.     The amount of $922,245.40 remains due and owing on the Subcontract to VENTANA from HAYNER HOYT.

92.     The labor, materials and equipment were performed and furnished by VENTANA for the improvement of the premises with the knowledge and consent of HAYNER HOYT.

93.     Pursuant to the Lien Law of the State of New York, on February 15, 2018, and within eight (8) months after the time of the last item of curtain wall was supplied, VENTANA filed with the Tompkins County Clerk a Notice of Mechanic's Lien in writing and in proper form verified by the oath of Kurt Jaeger, Senior Vice President of VENTANA, which claims a lien on the premises within described in the amount of $922,245.40.

94.     The Notice of Lien set forth Dryden's state of incorporation, principal office in New York, the owner of the real property against whose interest therein a lien was claimed and the interest of the owner as far as known to VENTANA was in fee simple; the name of the person to whom VENTANA was employed and to whom VENTANA as lienor furnished work and materials; the materials furnished, and the agreed price and value thereof; the unpaid balance; time when the first and last materials were furnished; the property subject to the lien with a description thereof to permit identification; that said Notice of Lien contained all the statements required by and in all respects duly complied with the statutes of the State of New York.

95.     On or about February 15, 2018, the County Clerk of Tompkins County entered the Notice of Mechanics Lien. An affidavit of the proof of service as the certified mailing copies of the lien was filed with the Tompkins County Clerk simultaneously with the filing of the Notice of Lien.

96.     That said lien has not been paid, but on or about February 6, 2018, TRAVELERS, as a surety issued an undertaking under surety bond number 106759819 in the sum of $1,014,469.94 and the obligation of the bond being that if HAYNER HOYT fails to make payment to VENTANA of any judgment which may be recovered by VENTANA for enforcement of the lien, Travelers would pay the judgment up to the amount of the undertaking, $1,014,469.94.

97.     VENTANA has performed all of the conditions on its part required to be performed.

98.     HAYNER HOYT has failed to pay VENTANA $922,245.40 under the Subcontract.

99.     Pursuant to the contract, VENTANA is entitled to interest at the New York Statutory rate of 9% from the date each payment was due.

100.    By reason of the foregoing, there is due and owing to VENTANA from TRAVELERS the sum of $922,245.40, plus interest from the date each payment was due at the New York Statutory rate of 9% per annum.

101.    That by virtue of the foregoing, VENTANA has acquired a valid Mechanics Lien on account of the Subcontract and VENTANA seeks to foreclose on the TRAVELERS' bond.

WHEREFORE, VENTANA demands judgment against HAYNER HOYT as follows:

a.  On the First Cause of Action against HAYNER HOYT for $1,295,422.15, plus interest, costs and disbursements.

b.  On the Second Cause of Action against HAYNER HOYT for $1,295,422.15, plus interest, costs and disbursements.

c.  On the Third Cause of Action against HAYNER HOYT for $1,295,422.15, plus interest, costs and disbursements.

d.  On the Fourth Cause of Action against HAYNER HOYT for $1,295,422.15, plus interest, costs and disbursements.

e.  On the Fifth Cause of Action against TRAVELERS to foreclose on the bond.

f.  On the Fifth Cause of Action against HAYNER HOYT to foreclose on the bond.

g.  For such other further and different relief as the Court deems just and proper.

Dated: New York, New York
      April 10, 2018

LONDON FISCHER LLP

By: _____

James Walsh
Attorneys for Plaintiff
VENTANA DBS LLC
59 Maiden Lane
New York, New York 10038
(212) 972-1000