**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VENTANA DBS LLC,**

              **Plaintiff,**

      **v.**

**THE HAYNER HOYT**
**CORPORATION et al.,**

              **Defendants.**
_____

**THE HAYNER HOYT**
**CORPORATION,**

              **Plaintiff,**

      **v.**

**VENTANA DBS LLC et al.,**

              **Defendants.**
_____

**3:18-cv-436**
**(GLS/ML)**

**5:19-cv-1376**
**(GLS/ML)**

## SUMMARY ORDER

Ventana DBS LLC commenced this diversity action on April 10, 2018, alleging claims against The Hayner Hoyt Corporation and Travelers Casualty and Surety Company of America pursuant to New York state law (hereinafter "the First Action"). (No. 3:18-cv-436, Dkt. No. 1 (hereinafter "1st Compl.").) Hayner Hoyt and Travelers answered the complaint and

asserted a counterclaim against Ventana pursuant to New York state law. (*Id.*, Dkt. No. 9.)  Shortly thereafter, Magistrate Judge David E. Peebles issued a scheduling order and set the deadline for amending pleadings and joining parties at September 20, 2018.  (*Id.*, Dkt. No. 14.)  The parties conducted discovery in the First Action from August 2018 until they requested a stay on discovery in November 2019.  (*Id.*, Dkt. Nos. 14, 90-92.)

On November 6, 2019, Hayner Hoyt filed a separate diversity action, alleging claims pursuant to New York state law against Ventana and Liberty Mutual Insurance Company (hereinafter "the Second Action"). (No. 5:19-cv-1376, Dkt. No. 1 (hereinafter "2d Compl.").)  The First Action and the Second Action, which both center around a certain contract between Ventana and Hayner Hoyt, (*see generally* 1st Compl.; 2d Compl.), have since been consolidated by Magistrate Judge Miroslav Lovric, (No. 5:19-cv-1376, Dkt. No. 20.)

Now pending is Ventana's and Liberty's motion to dismiss, in which they argue that Hayner Hoyt's claims in the Second Action are barred as compulsory counterclaims pursuant to Fed. R Civ. P. 13(a).  (*Id.*, Dkt. No. 13.)  Also pending is Hayner Hoyt's cross-motion for leave to amend its

2

answer in the First Action in order to add the claims as counterclaims.[1] (*Id.*, Dkt. No. 17, Attach. 25 at 12-15.)  For the reasons that follow, both motions are granted.

## A.     Ventana's and Liberty's Motion to Dismiss

First, as an initial matter, the applicable standard of review is not entirely clear, specifically with respect to whether the court can consider materials outside of the pleadings when deciding the pending motion. However, even if Rule 12(b)(6) applies, which at least some courts have found, *see, e.g.*, *Ginther v. Provident Life & Cas. Ins. Co.*, No. 05-CV-0248E, 2006 WL 8455681, at *1 (W.D.N.Y. Jan. 24, 2006), *aff'd*, 350 F. App'x 494 (2d Cir. 2009), the court can consider the correspondence upon which both parties rely because it was attached to the complaint in the Second Action, (No. 5:19-cv-1376, Dkt. No. 1, Attach. 3).  Indeed, in considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "may consider any written instrument attached to the complaint, statements or documents

---

[1] Although Hayner Hoyt did not expressly cross-move, based on its thorough analysis and appropriate application of the "good cause" standard, the court construes its response to Ventana's and Liberty's motion to dismiss as a cross-motion for leave to amend its answer. *See Liberty Mut. Fire Ins. Co. v. Zurich Am. Ins. Co.*, No. 1:19-cv-414, 2020 WL 871220, at *2 n.2 (N.D.N.Y. Feb. 21, 2020).

3

incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

Turning to the merits, "[a] litigant must assert as a counterclaim any claim that the litigant has against the opposing party if the claim 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'" *Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 9 (2d Cir. 2019) (quoting Fed. R. Civ. P. 13(a)(1)(A)). "The only exceptions are if (1) the claim was already the subject of another pending action and (2) the opposing party did not establish personal jurisdiction over the counterclaimant." *Id.* (citing Fed. R. Civ. P. 13(a)(2)).

"[A]n absolute identity of factual backgrounds" is not required to render a counterclaim compulsory. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citation omitted). Rather, "[a] claim is compulsory if a logical relationship exists between the claim and the counterclaim and if the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that

all the issues be resolved in one lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) (internal quotation marks, emphasis, and citation omitted).

The complaints filed in both the First Action and the Second Action center around the same contract between Hayner Hoyt and Ventana whereby Ventana, as Hayner Hoyt's subcontractor, agreed to build a "curtain wall system" at Cornell University. (*See generally* 1st Compl.; 2d Compl.) In the First Action, Ventana alleged certain claims based on Hayner Hoyt's failure to pay Ventana. (*See generally* 1st Compl.) Hayner Hoyt filed a counterclaim in the First Action alleging that Ventana breached the contract by delaying performance past an agreed upon deadline. (No. 3:18-cv-436, Dkt. No. 9.)

In the Second Action, Hayner Hoyt additionally alleges that Ventana breached the contract because the services it provided were defective. (*See generally* 2d Compl.) Specifically, Hayner Hoyt alleges that certain water testing that was performed on the curtain wall system "revealed significant water leaks resulting in the collection of water in sills, doors[,] and floors of the building and the presence of biological growth, as well as chips and fractures in glass and sealant gaps," and that this confirmed

5

Ventana's defective and deficient installation of the system.  (*Id.* ¶ 23.) Hayner Hoyt also added a new party, Liberty, to the action, alleging claims of breach of contract and for specific performance, because, among other things, "Hayner Hoyt has called on Liberty . . . to satisfy its obligations under [a certain] [p]erformance [b]ond, which . . . [it] has failed to do."  (*Id.* ¶¶ 26-38.)

    1.    *Claims against Ventana*

Ventana and Liberty argue that Hayner Hoyt's claims against Ventana in the Second Action are barred as compulsory counterclaims that should have been filed in the First Action, because both actions "allege breach of the same contract and involve the same work on the same construction project."  (No. 5:19-cv-1376, Dkt. No. 13, Attach. 8 at 5-6.)  In response, Hayner Hoyt concedes that the two actions are logically connected, but argues that its claims are not compulsory counterclaims because they had not matured until after the deadline to amend pleadings and join parties in the First Action had passed.  (*Id.*, Dkt. No. 17, Attach. 25 at 5-8.)  Ventana and Liberty contend that this argument is unavailing based on June 2017 correspondence, which shows Hayner Hoyt complaining about Ventana's allegedly defective service well before the

First Action was even filed. (*Id.*, Dkt. No. 18, Attach. 7 at 6-9.)

There is no doubt that the First Action and the Second Action arise out of the same transaction or occurrence, as they both center on breaches of the same contract. Consequently, judicial economy dictates that these claims be filed as counterclaims in the First Action. *See Skyline Steel, LLC v. Pilepro, LLC*, No. 13-CV-8171, 2015 WL 999981, at *5 (S.D.N.Y. Mar. 5, 2015) ("Courts have consistently found that counterclaims based on a contract are compulsory in actions relating to the same contract." (collecting cases)).

Hayner Hoyt was aware that the service was allegedly defective and that it would have a breach of contract claim based on the defective condition well before the deadline for joinder and amended pleadings had passed. (No. 5:19-cv-1376, Dkt. No. 1, Attach. 3 at 10-14; Dkt. No. 17, Attach. 12.) Indeed, correspondence between the parties shows that Hayner Hoyt was contemplating a claim of breach of contract based on a defective condition as early as June 2017. (*See generally id.*) Thus, Hayner Hoyt was required to bring such a claim as a counterclaim in the First Action, and then, assuming Hayner Hoyt did not know about the alleged water damage and the results of the water testing until after the

7

deadline had passed, it should have moved to amend under the good cause standard of Rule 16. *See* Fed. R. Civ. P. 16(b)(4). Hayner Hoyt cannot circumvent meeting the good cause standard by filing as a separate action claims that are plainly compulsory counterclaims. Accordingly, Ventana's and Liberty's motion to dismiss with respect to Hayner Hoyt's Second Action claims against Ventana is granted.

### 2. *Claims against Liberty*

For the same reasons as described above, Ventana and Liberty argue that Hayner Hoyt's claims against Liberty are barred as compulsory counterclaims that should have been filed in the First Action. (No. 5:19-cv-1376, Dkt. No. 13, Attach. 8 at 6-8.) Hayner Hoyt argues that its claim against Liberty is not a compulsory counterclaim because it had not declared Liberty in default until after the deadline to amend pleadings and join parties in the First Action had passed. (*Id.*, Dkt. No. 17, Attach. 25 at 8-10.) Ventana and Liberty contend that this assertion is unavailing because "the argument that Hayner Hoyt could not assert a claim until it had declared Ventana in default under the [performance bond] would improperly allow Hayner Hoyt to decide when its claim matured." (*Id.*, Dkt. No. 18, Attach. 7 at 9.)

8

As is the case with respect to the claims against Ventana, the claims against Liberty in the Second Action arise out of the same transaction as Ventana's claims in the First Action. Moreover, the court agrees with Ventana and Liberty that accepting Hayner Hoyt's argument that the claim against Liberty did not mature until after it placed the parties in default would give Hayner Hoyt free rein to decide when its claims matured. Correspondence between the parties shows that Hayner Hoyt was considering bringing claims against Ventana as early as June 2017, and that correspondence was sent to Liberty. (*Id.*, Dkt. No. 1, Attach. 3 at 10-14.) The issue with respect to these claims, however, is whether Liberty can be fairly considered an "opposing party" in the First Action.

Rule 13(a) states, in relevant part, "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an *opposing party* if the claim: . . . arises out of the transaction or occurrence that is the subject matter of the *opposing party's* claim." Fed. R. Civ. P. 13(a)(1)(A) (emphasis added). The court recognizes that the plain language of Rule 13(a) applies only to "opposing parties." *See id.* However, "[t]he Second Circuit has extended the meaning of 'opposing party' to encompass entities that are 'one and the same for the purposes of

9

th[e] litigation.'"  *Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills*, 701 F. Supp. 2d 568, 590 (S.D.N.Y. 2010) (quoting *Banco Nacional de Cuba v. First Nat'l City Bank of N.Y.*, 478 F.2d 191, 193 (2d Cir. 1973)).  Courts have also extended the meaning to encompass parties that are "functionally equivalent," *see Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 391 (3d Cir. 2002), and parties that represent the "same interests," *see In re Peaktop Techs. (USA), Inc. S'holder Deriv. Litig. v. Peaktop Int'l Holdings Ltd.*, No. 06 Civ. 8228, 2007 WL 700826, at *2-3 (S.D.N.Y. Mar. 6, 2007).

In fact, and most relevant here, some courts have barred claims on the basis that they should have been brought as compulsory counterclaims in an earlier action because the parties stood in a subrogation relationship to each other.  *See Transamerica Occidental Life Ins. Co.*, 292 F.3d 384 at 390-93 (barring a claim brought by an insurer on the basis that the claim should have been brought as a compulsory claim in a prior action even though the insurer was not named as an actual party in the prior action, and noting that "opposing parties" under Rule 13(a) should include those in privity with formally named parties, such as an insurer and its insured); *Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998, 1000-01 (10th Cir.

1993) (holding that an insurer was an opposing party in a prior action even though it was not named as an actual party, and noting that "[u]nder settled principles, an insurer as subrogee has no greater rights than those possessed by its insured, and its claims are subject to the same defenses").

Courts facing the issue of whether an entity is an opposing party "have struggled to reach a consensus as to the outer limits of that term." *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 118 (S.D.N.Y. 2015). On the one hand, courts have a strong interest in promoting judicial economy, but, on the other hand, courts should not extend "opposing party" so far that it incorporates a compulsory joinder clause into Rule 13(a). *See Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 756 n.13 (7th Cir. 2015) ("Although a broader interpretation of opposing party under Rule 13 might further the policy of judicial economy, such an interpretation interferes with a plaintiff's ability to structure litigation in a manner of his choosing. . . . Interpreting the term opposing party broadly would require that parties be added under Rule 20, effectively transforming the permissive joinder rule into one of compulsory joinder." (internal quotation marks, emphasis, and citations omitted)).

11

Based on the court's decision to grant Hayner Hoyt's cross-motion for leave to amend its answer, *see infra*, and Hayner Hoyt's lack of any analysis as to whether Liberty can be considered an opposing party, (*see generally* No. 5:19-cv-1376, Dkt. No. 17, Attach. 25), the court will not attempt to weigh in on this conflict. However, based on the virtually identical interests of Liberty and Ventana in the litigation,[2] *see Avemco Ins. Co.*, 11 F.3d at 1000-01, the court is satisfied that Liberty is an opposing party for purposes of this motion.

Accordingly, Ventana's and Liberty's motion is granted, and Hayner Hoyt's claims in the Second Action are dismissed as compulsory counterclaims.

## B.  Hayner Hoyt's Cross-Motion to Amend

In response to Ventana's and Liberty's motion to dismiss, Hayner Hoyt cross-moved for leave to amend its answer to add the claims it alleged in the separate action as counterclaims, and to join Liberty as a

---

[2] As explained by Ventana and Liberty, they are one and the same for purposes of this litigation because, among other things, "Liberty's obligations arise out of a performance bond that creates a joint obligation between Ventana and Liberty." (No. 5:19-cv-1376, Dkt. No. 13, Attach. 8 at 7.)  Indeed, the performance bond, which is the basis of Hayner Hoyt's claims against Liberty, states that Ventana and Liberty "jointly and severally[] bind themselves . . . to [Hayner Hoyt] for the performance of the [c]onstruction [c]ontract" and that "if [Ventana] performs the [c]onstruction [c]ontract, [Liberty] and [Ventana] shall have no obligation under this [b]ond." (*Id.*, Dkt. No. 1, Attach. 2 at 3.)

12

counter defendant. (No. 5:19-cv-1376, Dkt. No. 17, Attach. 25 at 10-15.) District courts have broad discretion to grant or deny leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014). Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Second Circuit, "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks and citation omitted).

However, because a scheduling order that establishes a deadline for seeking leave to amend has been entered here, (No. 3:18-cv-436, Dkt. No. 14), "the lenient standard under Rule 15(a) . . . must be balanced against

13

the requirement under Rule 16(b) that the [c]ourt's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citation omitted); *see Charles v. City of N.Y.*, No. 11 Civ. 2783, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (applying the good cause standard in determining whether joinder of parties was proper where such joinder was sought after a deadline set forth in a scheduling order). "To satisfy th[is] good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotation marks and citations omitted). "Nevertheless, because district courts have broad discretion to decide motions to amend, an amendment may still be permitted even where a party fails to demonstrate diligence under Rule 16." *Blake Marine Grp., LLC v. Frenkel & Co.*, 425 F. Supp. 3d 330, 335 (S.D.N.Y. 2019) (citations omitted).

Hayner Hoyt alleges that the good cause standard is met here because "[t]he proposed amendments are entirely reliant on the deficiencies identified by the architect, the owner's rejection of the

14

curtainwall system and requirement for additional testing[,] and the results of water testing—none of which were available prior to the September 20, 2018 deadline."  (No. 5:19-cv-1376, Dkt. No. 17, Attach. 25 at 13.)  Ventana and Liberty disagree and contend that the facts giving rise to the proposed amendments were known to Hayner Hoyt prior to the September 20, 2018 deadline, and that they would be unduly prejudiced if the court permitted amendment given the substantial amount of discovery that has already taken place.  (*Id.*, Dkt. No. 18, Attach. 7 at 10-12.)

In an exercise of the court's broad discretion, and in the interest of judicial economy, Hayner Hoyt may amend its pleading in the First Action to add the claims in the Second Complaint as counterclaims, and to join Liberty as a counter defendant.  The court agrees with Hayner Hoyt that, for the same reasons articulated in its opposition brief, (*id.*, Dkt. No. 17, Attach. 25 at 12-15), which need not be rehashed here, the amendments are related to the results of certain water testing that were not available to them until after the deadline to amend its pleadings or join parties had passed.  Accordingly, good cause has been shown, and Hayner Hoyt's cross-motion to amend its pleadings to add its Second Action claims as counterclaims in the First Action and to join Liberty as a counter defendant

15

is granted pursuant to Rules 15, 16, and 21.

The court is aware that Hayner Hoyt erred in not bringing these claims as counterclaims in the first instance, and that Ventana and Liberty will suffer some prejudice given that the case is well into the discovery process.  However, due to closeness of the claims and the parties' interests, any prejudice suffered with respect to discovery should be minimal.  *See Blake Marine Grp., LLC*, 425 F. Supp. 3d at 335 (finding that a party would not suffer undue prejudice by permitting amendment "because discovery in this action is ongoing"; "any additional discovery that may be required [would] likely overlap with the discovery that is already underway"; and "a trial date has not been set").

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Ventana's and Liberty's motion to dismiss (No. 5:19-cv-1376, Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that the Clerk close the Second Action (No. 5:19-cv-1376); and it is further

**ORDERED** that the Consolidated Order (No. 5:19-cv-1376, Dkt. No. 20) is **VACATED AS MOOT**; and it is further

16

**ORDERED** that Hayner Hoyt's cross-motion to amend (No. 5:19-cv-1376, Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Hayner Hoyt may amend its answer in the First Action to bring the claims alleged in the Second Action as counterclaims within fourteen (14) days of this Summary Order; and it is further

**ORDERED** that the parties contact Magistrate Judge Miroslav Lovric for further proceedings in the First Action; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 16, 2020
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge